EDWARD SMITH, JAMES WOODS, and HENRY SMITH agt. PETER VAN PATTEN.

Where judgment was obtained against defendant by default, and he moved to set aside the default, &c., and for leave to plead, and, before the decision of the motion, defendant gave an endorsed note to plaintiffs' attorneys for the whole amount of the judgment, under a written agreement signed by plaintiffs' attorneys, conditioned that, if the motion was granted, and the defendant finally succeeded in the suit, the note should be returned to him; or if the motion was denied, or the plaintiffs finally succeeded in the suit, the note should become absolutely the plaintiffs'; and the motion was denied with costs, *without prejudice.* *Held,* that the defendant was precluded, by the agreement, from making the motion again to set aside the default, &c.

*September Term,* 1846.

MOTION by defendant to set aside default and subsequent proceedings.

This suit was commenced by declaration on a promissory note. Declarations served 16th of December, 1845. Defendant's attorney pleaded general issue and special plea, setting forth defendant's insolvent discharge. The pleas were signed by defendant's attorney, and his name and residence endorsed thereon as defendant's attorney, but not accompanied by an affidavit of merits, or affidavit of verification. The pleas were served by mail, on the 10th of January, 1846, the last day to plead under a stipulation from plaintiffs' attorneys. Plaintiffs' attorneys returned the pleas on the 13th of January, 1846, with a notice that they should proceed in the cause. Defendant's attorney received the pleas on the 14th of January, and on the same day drew an affidavit of merits upon the back of the pleas, and also an affidavit verifying the special plea, which was sworn to by defendant. The pleas thus verified and also another affidavit of merits made by defendant, and a stipulation to take short notice of trial, were tendered to plaintiffs' attorneys on the 16th of January, and an offer to pay the costs of default and subsequent proceedings, which were declined by plaintiffs' attorneys. The default [*236] was entered and judgment perfected *on the 13th of January, 1846. Venue in Oneida county. The next

Smith agt. Van Patten.

circuit after the service of declaration was the 3d Monday of April, 1846. The next circuit after the April circuit, the 4th Monday of September thereafter, defendant's attorney stated his excuse for not moving at February special term, that he was sick and confined to his house, and besides he did not receive the proof of the tender in time to prepare the papers for the motion so as to serve them by mail, he residing about forty miles from plaintiffs' attorneys. At the April special term, 1846, defendant moved to set aside the default, which motion was denied *without prejudice*. Defendant's attorney stated that he was informed that the motion was denied on the ground that no affidavit of merits was served with the papers for the motion. Defendant's attorney did not renew the motion at the June special term, for the reason that the motion made in April was not decided until June 2d, being in the June special term. The defendant stated, in his affidavit, that on the 16th of January, 1846, Tallman, one of plaintiffs' attorneys, called on defendant and informed him he had obtained judgment in this suit, and demanded payment or security for the same, and offered to take defendant's note, payable in one year, without an endorser, or a note payable in three years, with an endorser. Defendant informed Tallman that he had been discharged from his debts, and should rely upon that, and that he expected his attorney to set aside the default and judgment. That defendant refused to pay or secure the debt for the reason that he owed a large amount to other creditors, and he was under no greater obligation to pay or secure this than any other of the debts he had been discharged from; that he owed for goods purchased since his discharge, and for money which he had borrowed to pay towards such goods; he did not think it his duty to ask his friends to endorse for him, or to turn out his goods to secure old debts, which he had been discharged from. Defendant told Tallman he had money and could pay the demand, if he could not avail himself of his discharge. Defendant had no doubt but the default would be set aside, and he was willing to test the validity of

his discharge. He told Tallman he would pay the debt if plaintiff finally succeeded in the cause.

On the 21st of January, Tallman caused defendant to be arrested upon a warrant issued by Hon. FRANCIS SEGER, first judge of Lewis county, counsellor, &c., under the act to abolish imprisonment for debt, &c., which was predicated upon the judgment in this cause, and granted upon the affidavit of Tallman, setting forth defendant's refusal to pay or secure the debt, as in the conversation above mentioned, and [*237] on the ground that defendant *had money, or evidences of debt, which he unjustly refused to apply in payment of the judgment. In consequence of the sickness of his attorney at this time, defendant employed Hon. C. Dayan to defend him on this complaint. The hearing of the matter was adjourned to the 25th of April last, at which time defendant gave a promissory note to the attorneys for the plaintiffs for $180.16, payable twelve months from date, endorsed by C. Dayan (who was perfectly responsible), under an agreement signed by plaintiffs' attorneys, which was as follows: " April 25th, 1846. Memorandum of agreement made this day, between Tallman & Johnson, as attorneys for Messrs. Edward Smith, Son & Co., of New-York, and Peter Van Patten, of Louisville, as follows: said Van Patten has this day given his note at twelve months for $180.16 with interest, the amount of a judgment recovered against said Van Patten in the supreme court, and said Van Patten has made a motion in the supreme court to open said default and judgment, and be let in to plead; and if said Van Patten shall succeed on said motion, and also finally succeed in the defence of such suit after being let in to plead, then in that case the said note shall be returned to said Van Patten. But if said motion is denied, or the plaintiffs succeed in said cause, the said note to be the property of the said plaintiffs absolutely; said note is made payable to the order of and endorsed by Charles Dayan, at the Bank of Rome.

(Signed)     " TALLMAN & JOHNSON,

" *Attorneys for plaintiffs, Rome.*"

Smith agt. Van Patten.

Defendant also stated that he believed it was the object of Tallman, in the conversation with him, to extort from him a promise to pay the debt, for the purpose of preventing him from availing himself of the benefit of his discharge, and that defendant's refusal to pay or secure the debt was made under such impression and belief.

On the part of the plaintiffs, the affidavit of William M. Tallman was read, which stated the same facts substantially, but more minutely detailed the conversation which he had with defendant, in which he stated that defendant absolutely refused to pay one cent of the debt, whether his discharge was good or not; and stated that he had the money then in his pocket, and could pay the judgment in five minutes if he chose, but he never would pay one dollar of it under any circumstances, that he would give up business first. On the hearing of the complaint before Judge SEGER, on the 25th of April, after the proofs were closed and argument on each side, the judge ordered, that the defendant be committed to *the jail of the county of Lewis, pursuant [*238] to *section* 9 of the act under which he was arrested. To avoid such commitment, the defendant offered to pay the costs of the proceedings, and to give his note at twelve months, as mentioned in the above agreement; the costs were paid and the note and writing given as stated. After the motion at the April special term was denied, Tallman saw the defendant at Rome, who stated that by the denial of the motion, he (defendant) considered the matter settled and ended, and that the note belonged to the plaintiffs absolutely, and he should meet it at maturity, but that he intended to look to Mr. Knox for all he had to pay, in consequence of his negligence. After this last interview with defendant, Tallman stated that the note was indorsed by him, and transferred in due course of business, for a valuable consideration, to a third person, having had written instructions from plaintiffs, giving full authority to do as Tallman thought proper in the premises. That before the papers for this motion were served, Tallman & Johnson had dissolved their law partnership, and neither

Follet agt. Sherman.

the plaintiffs nor Tallman or Johnson had any control over the note, nor was it in their power to return it to defendant in any event.

> J. A. COLLIER, *defendant's counsel.*
> Z. KNOX, *defendant's attorney.*
> H. H. MARTIN, *plaintiffs' counsel.*
> TALLMAN & JOHNSON, *plaintiffs' attorneys.*

BRONSON, Chief Justice.    The defendant has precluded himself from making this motion, by giving an indorsed note for the amount of the judgment, under an agreement which gives the plaintiffs an absolute right to the note in the event that the April motion should be denied.    Although this is, in some respects, a hard case, we can give no relief.

Motion denied with $7 costs.